UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON MERRYMAN,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | NO: 1:15-CV-3014-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14 and 16). Plaintiff is represented by D. James Tree. Defendant is represented by Leisa A. Wolf. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ALJ'S FINDINGS

On January 25, 2010, Plaintiff filed applications for disability benefits and supplemental security income, alleging a disability onset date of March 31, 2008.  Tr. 13, 218-24, 226-27.  These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing.  Tr. 13, 117-23, 125-37, 138.  A hearing was held before an Administrative Law Judge on April 18, 2013.  Tr. 49-64.  The ALJ rendered a decision on May 23, 2013.  Tr. 13-25.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2012.  Tr. 15.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2008, the alleged onset date. *Id.*  At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, posttraumatic stress disorder (PTSD), marijuana and alcohol abuse, and personality disorder.  Tr. 15.  However, at step three the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment.  Tr. 16.  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to

perform a full range of work at all exertional levels but with the following limitations: the claimant is limited to performing simple, repetitive tasks that involve no contact with the public, and no more than superficial contact with coworkers and supervisors.

Tr. 17. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 24. At step five, the ALJ found that Plaintiff can perform representative occupations such as janitor or industrial cleaner, groundskeeper, and laundry worker, and that such occupations existed in significant numbers in the national economy. Tr. 24-25. The ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied his claims on that basis. Tr. 25.

The Appeals Council denied Plaintiff's request for review on November 21, 2014, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-3; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## DICUSSION

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability benefits and supplemental security income. *See* ECF No. 14 at 2. While Plaintiff has presented a number of issues in this appeal, the Court concludes the ALJ erred in failing to properly evaluate the opinions of medical providers, and therefore remands the case for further proceedings.

**A. Evaluation of Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). A treating physician's opinions are generally entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons" that are supported by substantial evidence in the record. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons" that are supported by substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

### 1. Dr. Jeff Teal, Ph.D.

On May 7, 2010, Dr. Teal performed an examination and psychological assessment of Plaintiff. Tr. 601-08. Dr. Teal rated Plaintiff's ability to perform basic work activities, finding "moderate" limitations, meaning significant interference, regarding Plaintiff's abilities to "understand, remember and follow complex (more than two step) instructions," "to learn new tasks," "to exercise judgment and make decisions," and "to control physical or motor movements and maintain appropriate behavior." Tr. 606. Dr. Teal found "marked" limitations, meaning very significant interference, regarding Plaintiff's abilities to "relate appropriately to co-workers and supervisors," "to interact appropriately in public

contacts," and "to respond appropriately to and tolerate the pressure and expectations of a normal work setting." *Id.* Dr. Teal also found:

> Mr. Merryman currently meets criteria for Bipolar I Disorder, most recent episode depressed, based on his history of manic symptoms and his current depressed mood, anhedonia, insomnia nearly every night, diminished ability to think or concentrate and recurrent suicidal ideation. He continues to have flashbacks and avoidant behavior related to his extensive childhood abuse history. These symptoms significantly impair his social and occupational functioning and *make sustained competitive employment unlikely.*

Tr. 605 (emphasis added).

The ALJ found that the limitations opined to by Dr. Teal are "generally consistent" with the degree of limitation proposed by the reviewing physicians and that Dr. Teal's opinion supports the RFC. Tr. 22. Plaintiff contends the ALJ's findings "are wholly unsupported by the record" and that the reviewing physicians' opinions are not consistent with Dr. Teal's opinion. ECF No. 14 at 17-21.

The Court agrees with Plaintiff. Dr. Teal was the only examining doctor to evaluate Plaintiff. The form Dr. Teal used to rate Plaintiff's ability to perform basis work activities differed from the reviewing doctors' forms, and the reviewing doctors' opinions were not generally consistent with Dr. Teal's opinions, indeed they contradicted his assessment and conclusion that Plaintiff suffered very significant interference in mental function in three areas with significant interference in four more areas, making Plaintiff's employment unlikely. *Compare* Tr. 605-6 (Dr. Teal's functional limitations form and assessment that Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

symptoms "make sustained competitive employment unlikely"), *with* Tr. 539-41, 621-25 (Dr. James Bailey's forms and assessment indicating Plaintiff is capable of performing sustainable gainful activity and according Dr. Teal's opinion "limited weight" ), *and* Tr. 460-62, 481-484 (Dr. Bill Henning's forms and assessment indicating Plaintiff's impairments cause only moderate limitations in social functioning and cognitive functions).

Because Dr. Teal's opinion was contradicted by other doctors, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for rejecting his opinion that Plaintiff's symptoms make sustained employment unlikely. *See Hill*, 698 F.3d at 1159-60.  However, the ALJ did not provide any reason or explanation for rejecting this opinion.  Dr. Teal's conclusion that Plaintiff would be unlikely to sustain employment was an assessment based on objective medical evidence and should have been considered by the ALJ. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").  Accordingly, the Court finds that the ALJ failed to consider or properly reject Dr. Teal's opinion and a remand is required.

**2.  Dr. Donald D. Ramsthel, MD**

Dr. Ramsthel performed a physical examination of Plaintiff in April 2010. Tr. 585-90.  The ALJ noted that based on the examination, Dr. Ramsthel assessed:

> the claimant with low back pain, without definite objective findings, other than "some" tenderness; "some" bilateral hip pain; "some type

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

> of headaches" occurring twice a year, extensive mental issues; and history of drug and alcohol abuse, with current marijuana use. Regarding the claimant's abilities and limitations, Dr. Ramsthel believed that during an eight-hour workday the claimant can stand or walk up to four or five hours, sit at least five hours, and lift and carry 30 pounds occasionally and 20 pounds frequently.

Tr. 23. The ALJ found that the longitudinal record and Dr. Ramsthel's "own objective observations" do not support his assessment that Plaintiff has limitations in his ability to sit, stand, walk, lift or carry. *Id.* In support, the ALJ noted that in his report Dr. Ramsthel stated he "only observed some hip and lumbar tenderness," and that "multiple X-ray studies have been normal." *Id.* The ALJ also gave great weight to two reviewing physicians' opinions that Plaintiff did not have a severe physical impairment. Tr. 22. The ALJ concluded "Dr. Ramsthel's objective observations to be further persuasive evidence that the claimant does not have a severe physical impairment, but his stated opinion receives little weight, because it is not supported by the record." Tr. 23.

Because Dr. Ramsthel's opinion was contradicted by other doctors, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for rejecting his opinion. *See Hill*, 698 F.3d at 1159-60. Here, the Court finds the ALJ's reasons are not supported by substantial evidence. The ALJ only addresses the evidence contradicting Dr. Ramsthel's opinion, and ignores the evidence consistent with his opinion. *See, e.g.*, Tr. 592 (diagnosis of lower back pain and trochanteric bursitis); Tr. 599 (X-ray results indicating minimal scoliosis);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Tr. 1054 (physical therapy treatment notes indicating Plaintiff suffers from lower back pain and an impaired gait). To satisfy the substantial evidence requirement, the ALJ had to summarize the facts and conflicting clinical evidence, provide his own interpretations thereof, and explain why they, rather than Dr. Ramsthel's, are correct. *See Garrison*, 759 F.3d at 1012. The ALJ did not perform any of these steps, and thus the Court concludes he did not properly reject Dr. Ramsthel's opinion. This error also supports remand.

### 3. Ms. Carol Jurs, PMHP

Ms. Jurs is a mental health counselor and as such is considered an "other source." 20 C.F.R. §§ 404.1513(d); 416.913(d). Because Ms. Jurs is an "other source" whose opinions about the nature and severity of Plaintiff's impairments are not entitled to controlling weight, the ALJ need only have provided "germane reasons" for rejecting her opinions. SSR 06-03p, 2006 WL 2329939 at * 2; *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Ms. Jurs examined Plaintiff and completed a psychological evaluation in May 2008. Tr. 503-10. Ms. Jurs diagnosed Plaintiff with bipolar disorder, PTSD, and ADHD. Tr. 505. Ms. Jurs found moderate functional limitations with Plaintiff's ability to understand, remember and follow complex instructions; to exercise judgment and make decisions; and to relate appropriately to coworkers and supervisors. Tr. 507. Ms. Jurs also found marked functional limitations with

Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting and to control physical or motor movements and maintain appropriate behavior. *Id.*

Here, the ALJ gave Ms. Jurs's opinion "partial weight" because he found the record does not support her findings that (1) Plaintiff's substance abuse was in remission and (2) that Plaintiff has marked functional limitations. Tr. 22-23. However, Ms. Jurs's findings are consistent with Dr. Teal's opinion and conclusions. *See* Tr. 605 (Dr. Teal stating Plaintiff has transitioned "to a primarily clean and sober lifestyle"); Tr. 606 (Dr. Teal finding Plaintiff has several marked functional limitations). Thus, Ms. Jurs's findings are supported by the record; therefore the ALJ did not provide satisfactory germane reasons to discount her opinion. This error supports remand.

### 4. Mr. Steven J. Koontz, PA-C

Steven J. Koontz is a physicians' assistant and is therefore considered an "other source." 20 C.F.R. §§ 404.1513(d); 416.913(d). Mr. Koontz performed physical evaluations of Plaintiff in April and May 2008. Tr. 495-502, 515-520. Mr. Koontz opined that Plaintiff had "very significant interference with the ability to perform one or more basic work related activities." Tr. 497.

Here, the ALJ did not specifically address Mr. Koontz's opinion. An ALJ must evaluate every medical opinion in the record, *see* 20 C.F.R. § 404.1527(c),

and an ALJ errs when he simply ignores a medical provider's opinion. *See Garrison*, 759 F.3d at 1012. As an "other source," to discount Mr. Kooontz's opinion, the ALJ was required to provide "germane" reasons for doing so. *See Molina*, 674 F.3d at 1111. Thus, the Court finds the ALJ committed error when he failed to evaluate Mr. Koontz's opinion. This errors supports remand.

**B. Remedy**

These errors were not harmless. The medical opinions of record must be considered and properly evaluated by the ALJ. When an ALJ's denial is based upon legal error or not supported by the record, the usual course is for the Court to remand for further proceedings or explanations. *See Hill*, 698 F.3d at 1162. Plaintiff urges the Court to conclude that remand is not necessary and that the Court can find Plaintiff is disabled on the record as it stands. ECF No. 14 at 44. However, remand is appropriate "where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill*, 698 F.3d at 1162. In this case, there remains outstanding issues to resolve. For instance, whether, when the evidence is properly evaluated, Plaintiff's limitations impair his ability to perform basic work activities, and the ALJ must consider the limitations imposed by Plaintiff's impairments in assessing his RFC. In making these determinations, the Commissioner must

properly evaluate the opinions of the examining medical experts.  Whether a proper evaluation of the medical opinions can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

Upon remand, the ALJ should further develop the record and issue a new decision.  The ALJ should reevaluate all of Plaintiff's impairments; all medical source opinions; Plaintiff's RFC; findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five; and Plaintiff's credibility.  Plaintiff may present new arguments and evidence and the ALJ may conduct further proceedings as necessary.

//

//

//

//

//

//

//

//

//

//

Case 1:15-cv-03014-TOR   Document 20   Filed 11/20/15

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is hereby directed to file this Order, enter **Judgment** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** November 20, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14