UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON MERRYMAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | NO: 1:15-CV-3014-TOR<br><br>ORDER GRANTING MOTION TO ALTER JUDGMENT |

BEFORE THE COURT is Plaintiff's attorney D. James Tree's Motion to Alter Judgment (ECF No. 33). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record herein, and is fully informed.

Plaintiff requests the Court amend the Court's Order Granting in Part Plaintiff's Motion for Section 406(b) Attorney Fees (ECF No. 33). In the Order Granting Attorney Fees (ECF No. 33), the Court granted Mr. Tree's request for

ORDER GRANTING MOTION TO ALTER JUDGMENT ~ 1

attorney fees in part. Mr. Tree requested the Court approve his fee request of twenty five percent of the past due benefits received for Title XVI benefits pursuant to 42 U.S.C. 406(b). The Commissioner had no objection to the request. ECF No. 32. The Court found Mr. Tree was only entitled to twenty five percent of the past due benefits received for Title II benefits, as Section 406(b) mentions a judgment under subchapter II, but not subchapter XVI. As a result, the Court accordingly awarded a fee of $2,581.51, instead of the requested amount of $3,700.51.

Mr. Tree now requests the Court alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 34. Mr. Tree explains that the provisions regarding attorney fees found in Section 406 have been extended to SSI benefits under subchapter XVI pursuant to 42 U.S.C. § 1383(d). The Court agrees with Mr. Tree and finds the initial request of attorney fees in the amount of **$3,700.51** is recoverable pursuant to the contingency fee agreement under 42 U.S.C. §§ 406, 1383. The Court finds the fee reasonable for the reasons articulated in the previous Order (ECF No. 33).

Accordingly, the Court finds Mr. Tree is entitled to attorney fees in the amount of **$3,700.51** pursuant to 42 U.S.C. §§ 406, 1383, and hereby amends its previous judgment (ECF No. 33) pursuant to Rule 59(e). *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("In general, there are four basic

grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Alter Judgement (ECF No. 34) is **GRANTED**. The Commissioner is directed to pay attorney fees in the amount of **$3,700.51**, to be deducted from Plaintiff's award of past-due Social Security disability benefits. *See* ECF No. 30-1 at 3.

2. The award shall be made <u>payable directly to Plaintiff's counsel</u> D. James Tree, and mailed to D. James Tree, 3711 Englewood Avenue, Yakima, WA 98902.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel. The file shall remain **CLOSED**.

**DATED** October 9, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING MOTION TO ALTER JUDGMENT ~ 3